UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES, | ) |
|     Plaintiff, | ) Case No 05-CR-20050 |
| v. | ) |
| ANTWAN D. MCKNIGHT, | ) |
|     Defendant. | ) |

**OPINION**

This case is before the court on a *pro se* Petition for Sentence to Run Concurrent (#25). In his motion, Defendant requested that this court hold a supervised release revocation hearing and order that his federal sentence, if any, for violating the conditions of his supervised release, be allowed to run concurrent with his state sentence. Because there is neither a statutory nor a Constitutional due process right to a speedy revocation hearing before the warrant is executed, Defendant's petition (#25) is DENIED.

On May 24, 2006, Defendant received a sentence of 77 months imprisonment, followed by three years of supervised release, for the offense of Unlawful Transport of Firearms, in this court. On June 9, 2011, the U.S. Probation Department began supervision of Defendant. On October 4, 2011, Defendant was arrested in Conroe, Texas, for the offense of Possession of Marijuana and Engaging in Organized Criminal Activity.

Following that arrest, the Probation Department petitioned this court for an arrest warrant on a petition to revoke supervision due to noncompliance with the supervised release condition that Defendant not leave the judicial district without the permission of this court or the probation officer. (#21). On November 21, 2011, that warrant was signed and issued. (#22). On May 10, 2012, a supplemental petition was filed, alleging an additional law violation, *viz.*, possession of a controlled substance. (#23). Magistrate Judge David G. Bernthal ordered that the Supplemental Petition be considered at the same time that the original petition (#21) is considered. (#23).

On January 13, 2012, Defendant was sentenced to 15 years imprisonment for the offense of Possession of Marijuana. Defendant pled guilty and is serving his sentence in the Texas Department of Criminal Justice. He will not be eligible for parole until June of 2013. The warrant that this court issued for the petition and supplemental petition alleging supervised release violations has not been executed yet.

On June 15, 2012, Defendant filed a petition with this court asking that his sentence on the revocation of supervised release run concurrently with his state prison sentence. (#25). On July 31, 2012, Defendant filed a motion for a revocation hearing, asking that this court set a revocation hearing and that the government be ordered to make arrangements for his appearance at such hearing. (#27). Between his initial petition (#25) and his Objection to the Government's response (#29), Defendant makes several arguments. First, Defendant argues that delaying his revocation hearing regarding the Possession of a Controlled Substance conviction violates his right to due process because it would prejudice his defense. He argues that he "was never in possession of a controlled substance" and the long interim would make it difficult for him to secure evidence and witnesses for his defense at that time. Second, Defendant argues that the

Government made an inconsistent statement when it noted that "the defendant has not appeared before the court for a supervised release revocation hearing, nor has there been a determination that he has violated the terms of supervised release," because Defendant pled guilty to Possession of Marijuana in Texas and therefore "there is no question to whether the defendant violated his supervised release cause he is doing 15 yrs in the State of Texas." (#29). Last, Defendant argues that *Dickey v. Florida*, 398 U.S. 30 (1970), mandates that he is entitled to a prompt inquiry into the criminal charges.

In response, the Government argues that Defendant is not entitled to an order that his federal sentence run concurrent to his state prison sentence and that the motion is premature. This court agrees with the Government. Regarding his due process argument, Defendant has no Constitutional due process right to a prompt parole revocation hearing when a warrant to revoke supervision is issued but not served on him. *Moody v. Daggett*, 429 U.S. 78, 79 (1976). In *Moody*, the Supreme Court held that although the conditional freedom of a parolee generated by statute is a protected liberty interest, any loss of liberty resulting from the parole violation is not triggered until the parolee is taken into custody on that warrant. *Id*. at 85-87. Accordingly, there is "no constitutional duty to provide petitioner an adversary parole hearing until he is taken into custody as a parole violator by execution of the warrant." *Id*. at 89.

Second, Defendant is not entitled to a speedy revocation hearing either by statute or rule promulgated by the Supreme Court. United States Code Title 18, Section 3606, provides that

> If there is probable cause to believe that a probationer or a person on supervised release has violated a condition of his probation or release, he may be arrested, and, upon arrest, shall be taken without unnecessary delay before the court having jurisdiction over him. A probation officer may make such an arrest wherever the probationer or releasee is found, and may make the arrest

> without a warrant. The court having supervision of the probationer or releasee, or, if there is no such court, the court last having supervision of the probationer or releasee, may issue a warrant for the arrest of a probationer or releasee for violation of a condition of release, and a probation officer or United States marshal may execute the warrant in the district in which the warrant was issued or in any district in which the probationer or releasee is found.

18 U.S.C. § 3606. Thus, while a person on supervised release "shall be taken without unnecessary delay before the court having jurisdiction over him", such provision is conditioned upon probable cause to believe that such person has violated a condition of his probation or release and upon his subsequent arrest. Although § 3606 does not specifically require that the arrest be for the violation of a condition of his supervised release, common sense and the canon of statutory interpretation, *noscitur a sociis*, meaning "a word is known by the company it keeps", advises as much. There is nothing in the statute that suggests that if a probationer is arrested, charged, or convicted *for a different and unrelated crime* that he must be given a timely revocation hearing regarding his probation. Similarly, Federal Rule of Criminal Procedure 32.1(b)(1)(A) requires that " a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred", but only if that person is " in custody for violating a condition of probation or supervised release." *See also United States v. Scott*, 850 F.2d 316 (7th Cir. 1988); *Evans v. Thurmer*, 278 F. App'x 679, 681 (7th Cir. 2008) (unpublished) ("a parole-revocation hearing may be deferred until after an intervening term of imprisonment has expired") (citing *Moody*). Because Defendant was arrested and prosecuted in state court for possession of marijuana while on supervised release from his federal sentence, no part of that arrest was the result of violating the conditions of his supervised release.

Accordingly, neither of those two provisions applies to Defendant.[1] Thus, regarding Defendant's second argument, because the Probation Department has not yet executed his arrest warrant, none of the procedural safeguards apply. While Defendant poses a novel argument, the law is clear that he is not entitled to a revocation hearing until the warrant is executed, and nothing suggests that he may force the warrant to be executed at a time of his choosing.

Third, *Dickey v. Florida*, 398 U.S. 30 (1970) is procedurally inapposite. In *Dickey*, the defendant was already in custody for federal bank robbery charges when he was identified by the victim as a suspect in an earlier unrelated and separate robbery. State law enforcement issued an arrest warrant, charging him with the earlier robbery. The county sheriff's office clearly knew of his whereabouts, but made no effort to serve the warrant or gain custody over him regarding the state offense. Soon thereafter, Dickey was convicted on the federal charges and incarcerated in federal prison. A detainer was lodged against him for the state offense. Seven years later, Dickey filed a petition to dismiss the detainer because he had been denied his right to a speedy trial. The State's Attorney charged and convicted Dickey with the armed robbery committed seven years earlier. The Supreme Court reversed and vacated, holding that the delay with its consequent prejudice was intolerable and impermissible as a matter of law.

*Dickey* does not apply because the second pending charge was a criminal offense, whereas in the present case, the second pending issue is whether Defendant has violated the conditions of his release. Also, none of the concerns in *Dickey* regarding diminished testimony apply here. First, contrary to Defendant's assertion, the outcome of his revocation hearing does

---

[1] For the same reason, the *Barker* balancing test is not applicable. *See United States v. Scott*, 850 F.2d 316, 319-21 (7th Cir. 1988) (discussing *Barker v. Wingo*, 407 U.S. 514 (1972)); *United States v. Escobar-Izaguirre*, 2:09 CR 110, 2011 WL 3321304 at *4-6 (N.D. Ind. Aug. 1, 2011).

not depend on witnesses. In the first petition to revoke supervision, the Probation Department alleged that Defendant did not comply with the terms of his supervision by failing to obtain permission prior to leaving the judicial district. Defendant himself admitted that he was in Texas when he was arrested and convicted of the state offense. No witnesses are necessary to prove this point. In the second petition, the Probation Department alleged that Defendant violated the condition of not committing another federal, state, or local crime. While Defendant argues that he did not actually commit the offense of possession of a controlled substance, he pled guilty to it and was convicted. Witnesses are not necessary to prove this point either. Because a revocation hearing is not a trial, and because *Dickey* turns on the right to a speedy trial, that case is not applicable here.

Even if Defendant's revocation hearing were to be held while he is serving his sentence in state prison, the Sentencing Guidelines recommends that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." U.S. Sentencing Guidelines §7B1.3(f). In Advisory Note 4, the Commission recommended that " any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation." *Id.*, note 4. While the Commission's supervised release policy statements are not binding on this court and do not limit this court's discretion, they are entitled to "great weight." *United States v. Taylor*, 628 F.3d 420, 424 (7th Cir. 2010).

Finally, Defendant will not be eligible for parole from the Texas system until June, 2013. Defendant's release date is not for another seven months as of the date of this opinion. Although this court has been presented with neither arguments nor evidence to depart from the guidelines at this time, much can happen in the intervening seven months that would affect a ruling during a revocation hearing. Thus, his petition is premature.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Petition for Sentence to Run Concurrent (#25) is DENIED.

ENTERED this 17th day of October, 2012

s/ Michael P. McCuskey

MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE